# EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DUKE REALTY LIMITED PARTNERSHIP, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE |
| | : | |
| CITY OF EAST POINT, GEORGIA; RICHARD RANDOLPH AND KARIM KAHN, both in Their Official Capacities as City Engineers for the City of East Point, and HERBERT HUMPHREY, in His Official Capacity as the Director of the Office of Government Operations for the City of East Point, | : | NO. 2009CV168883 |
| Defendants. | : | |

ACKNOWLEDGMENT OF SERVICE

NOW COMES Nina Hickson, as counsel of record for Defendants, and waives service of the summons and acknowledges receipt of the Plaintiff's Petition for Mandamus, Declaratory Judgment, and Damages in the above-styled matter.

This __12th__ day of __May__, 2009.

_Nina R. Hickson_
Nina Hickson
City Attorney for Defendants

Sworn to and subscribed before
Me this ___ day of ___, 2009.

_Lawrence ___
Notary Public

My Commission Expires: Feb. 21, 2010

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SERVICE COPY

DUKE REALTY LIMITED          :
PARTNERSHIP,                 :
                             :
        Plaintiff            :
                             :
vs.                          :          CIVIL ACTION FILE
                             :
CITY OF EAST POINT, GEORGIA; :          NO. _____
RICHARD RANDOLPH AND KARIM   :
KAHN, both in Their Official Capacities as  :
City Engineers for the City of East Point,  :
and HERBERT HUMPHREY, in His  :
Official Capacity as the Director of the  :
Office of Government Operations for the  :
City of East Point,          :
                             :
        Defendants.          :

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

Kyler L. Wise
Larry M. Dingle
Wilson Brock & Irby, LLC
Suite 700, 2849 Paces Ferry Road
Atlanta, Georgia 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___27th___ day of ___May_____, 2009.

Clerk of Superior Court

BY: ___Cole Alcode_____
Deputy Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DUKE REALTY LIMITED          :
PARTNERSHIP,                 :
                             :
     Plaintiff               :
                             :
vs.                          :      CIVIL ACTION FILE
                             :
CITY OF EAST POINT, GEORGIA; :      NO. 2009CV166883
RICHARD RANDOLPH AND KARIM   :
KAHN, both in Their Official :
Capacities as City Engineers :
for the City of East Point, and :
HERBERT HUMPHREY, in His     :
Official Capacity as the     :
Director of the Office of    :
Government Operations for the :
City of East Point           :
                             :
     Defendants.             :

FILED IN OFFICE

MAY - 8 2009

DEPUTY CLERK, SUPERIOR COURT
FULTON COUNTY, GA.

## PETITION FOR MANDAMUS, DECLARATORY JUDGMENT, AND DAMAGES

NOW COMES Plaintiff, Duke Realty Limited Partnership,

("Duke") and herein files this, its Petition for Mandamus,

Declaratory Judgment, and Damages (hereinafter the "Petition"),

pursuant to the provisions of O.C.G.A. §§ 9-6-20 and 9-6-27,

seeking, in part, an Order compelling the performance of a legal

duty by the City of East Point; declaring that Duke has complied

with all requirements and is entitled to approval of its

application to subdivide property; declaring that the City of

East Point's attempt to require Duke to pay for and install

eight (8) inch fire lines and fire meters are illegal,

1

unconstitutional and void; and awarding damages for Defendants'
violation of Plaintiff's rights under 42 U.S.C. § 1983.
Pursuant to the provisions of O.C.G.A. § 9-6-27(a), Duke
respectfully requests that a hearing upon its Petition be held
not less than ten nor more than 30 days after the filing of this
Petition.

PARTIES

1.

Duke is a Indiana Limited Partnership which is duly
authorized and qualified to sue and be sued in this Court.

2.

Defendant, City of East Point ("City"), is a political
subdivision of the State of Georgia and may be served by serving
Mayor Joseph L. Macon at 2777 East Point Street, East Point,
Fulton County, Georgia 30344.

3.

Defendant, Richard Randolph is a citizen of the State of
Georgia, sued in his official capacity as a City Engineer with
the City of East Point Public Works Department, and may be
served with process at 2777 East Point Street, East Point,
Fulton County, Georgia 30344.

2

4.

Defendant, Karim Kahn is a citizen of the State of Georgia, sued in his official capacity as a City Engineer with the City of East Point Public Works Department, and may be served with process at 2777 East Point Street, East Point, Fulton County, Georgia 30344.

5.

Defendant, Herbert Humphrey, is a citizen of the State of Georgia, sued in his official capacity, as Director of the City's Office of Government Operations, and may be served with process at 1526 E. Forrest Avenue, Suite 400, East Point, Georgia 30344.

6.

The City, Richard Randolph, Karim Kahn, and Herbert Humphrey (collectively, the "Defendants") are subject to the jurisdiction of this Court pursuant to Georgia Constitution Article 6, Section 4, Paragraph 1.

7.

Defendants are subject to the venue of this Court pursuant to Georgia Constitution Article 6, Section 2, Paragraph 3.

8.

Duke is the owner of a 17.635 acre tract of land situated and located in the City of East Point along Camp Creek Parkway

3

within the Camp Creek business center (hereinafter the "Property").

**FACTS**

9.

On or about December 12, 2008, Duke submitted an application seeking to subdivide the Property into two lots, one lot consisting of approximately 9.426 acres known as 1000 Centre Parkway, Building B; and the other lot consisting of approximately 8.209 acres known as 1500 Centre Parkway, Building E1-A (the "Application").  A true and correct copy of the Application is attached hereto as Exhibit "A" and incorporated herein by reference.

10.

At the time of Duke's submittal of the Application, both 1000 Centre Parkway, Building B, and 1500 Centre Parkway, Building E1-A (the "Buildings") were complete with tenants utilizing same.

11.

At the time of Duke's submittal of the Application, the City had issued all required permits, including the Certificate of Occupancies, for the Buildings.

4

12.

Duke's Application seeks to subdivide the Property by the creation of a property line in order to form two lots from one. The Application does not alter, change or otherwise modify the Buildings in any way.

13.

Throughout the planning, permitting and construction of the Buildings, Duke complied with all applicable ordinances and codes.

14.

The City has refused to approve the Application unless and until Duke agrees to pay for and otherwise install eight (8) inch fire lines and eight (8) inch fire meters within the Buildings and/or Property (hereinafter referred to as the "Disputed Item").

15.

From the time the Buildings were planned, permitted and constructed through the present, the City has not enacted any ordinance or other legislation which would require Duke to perform the Disputed Item.

16.

After receiving word from the City that as a condition for approval of the Application, Duke would be required to perform

5

the Disputed Item, the City and/or Defendant Herbert Humphrey

("Humphrey") then provided Duke with a document entitled

"Special Agreement for Fire Line Service for Camp Creek Business

Center" (hereinafter the "Special Agreement"). A genuine copy

of such Special Agreement is attached hereto as Exhibit "B" and

incorporated herein by reference.

17.

In order to prevent its Application from being removed from

the East Point City Council's agenda, the City and/or Humphrey

made it clear to Duke that Duke would be required to execute the

Special Agreement.

18.

The Special Agreement requires Duke to purchase water which

it may or may not ever use and the Special Agreement does not

release Duke from any responsibility or potential liability to

perform the Disputed Item. As a result, Duke refused to sign

the Special Agreement.

19.

On or about March 16, 2009, Duke received notice from

Planning and Zoning Interim Director, Geneasa Elias, that as a

result of Duke's refusal to sign the Special Agreement, Ms.

Elias had been instructed to pull the Application from the East

Point City Council Agenda. A genuine copy of such March 16,

6

2009 notice is attached hereto as Exhibit "C" and incorporated herein by reference.

20.

Duke's Application remains pending and the Defendants have failed and/or refused to act on same.

21.

With the ongoing refusal to approve the Application, the Defendants are attempting to force Duke to perform the Disputed Item and/or pay monies to the City for which Duke is not legally responsible.

22.

Despite having no legal basis to do so, Defendants are attempting to require Duke to bear the full burden of costs and expenses associated with performing the Disputed Item by wrongfully and illegally withholding approval of its Application.

COUNT I – MANDAMUS

23.

Duke incorporates the allegations set forth in paragraphs 1 through 22 above, as if fully set forth herein.

24.

East Point Code Section 10-3009 was the subdivision regulation concerning final plat approval in effect at the time

7

the Application was submitted.  A genuine copy of East Point

Code Section 10-3009 is attached hereto as Exhibit "D" and

incorporated herein by reference.

25.

East Point Code Section 10-3009(d) provides as follows:

"Having been certified by the city engineer as compliant to

these and other applicable regulations, the final plat shall be

recorded with the Clerk of the Superior Court of Fulton County".

See Exhibit "D", attached hereto.

26.

Duke has complied with all requirements for approval of its

Application and final plat and has a clear legal right to the

issuance of the East Point City Engineer(s) certification that

Duke's final plat is compliant, as provided for by East Point

Code Section 10-3009(d).

27.

The actions of Defendants in failing and refusing to

process Duke's Application and issue the certification pursuant

to East Point Code Section 10-3009(d) is unlawful, arbitrary,

capricious and constitutes a manifest abuse of discretion.

28.

Duke is entitled to a Writ of Mandamus because it has no

adequate remedy at law.  Defendants should be compelled to

8

perform their official duties and issue the certification of compliance as provided for pursuant to East Point Code Section 10-3009(d).

29.

A defect of legal justice would ensue from the failure of this Court to grant the relief requested herein.

30.

Duke has complied with all valid ordinances, regulations and requirements of the Defendants relating to the Application.

31.

Duke has made demand for the issuance of the certification by the City Engineers, and Defendants have refused to issue same.

## COUNT II - DECLARATORY JUDGMENT

32.

Duke incorporates the allegations set forth in paragraphs 1 through 31 above, as if fully set forth herein.

33.

Duke brings this action pursuant to the Declaratory Judgment Act, O.C.G.A. § 9-4-1, et seq. to obtain a declaration of its rights, status and other legal relations.

9

34.

Duke seeks a determination that the Defendants' requirements of performing the Disputed Item and/or entering into the Special Agreement as conditions to approval of its Application are illegal and void.

35.

Duke has complied with all valid ordinances, regulations and requirements for approval of its Application and is suffering damage as a result of the Defendants' conduct and refusal to approve same.

36.

Because of the Defendants' actions with regard to the Disputed Item and the withholding of approval of Duke's Application, Duke is uncertain and insecure as concerns its rights.

37.

Given the continuing delay in achieving a subdivision of the Property, and Duke's ability to obtain financing and/or refinance same, there is an actual and immediate need for interpretation by the Court as to whether Defendants can refuse to approve the Application unless Duke agrees to perform the Disputed Item and/or execute the Special Agreement.

R0810 1 000561-000014

38.

Duke avers that a justiciable controversy exists with respect to its claim that Duke is entitled to approval of the Application and Defendants have no legal basis or right to require it to perform the Disputed Item and/or enter into the Special Agreement as conditions of receiving approval of its Application.

39.

This matter is ripe for immediate review, and Duke lacks an adequate remedy at law.

40.

Duke seeks a judicial declaration by this Court that Defendants have no legal basis to require Duke to perform the Disputed Item and/or enter into the Special Agreement, and therefore Defendants have no legal basis to withhold approval of its Application.

COUNT III - EQUAL PROTECTION

41.

Duke incorporates the allegations set forth in paragraphs 1 through 40 above, as if fully set forth herein.

42.

The actions of the Defendants in attempting to require Duke to perform the Disputed Item and/or to execute the Special

11

Agreement as a condition of receiving approval of its

Application, as set forth and described in detail above, have

subjected Duke, and will continue to subject Duke, to treatment

inconsistent with other property owners and developers in the

general area of the Property.

43.

The actions taken by the Defendants, as set forth and

described in detail above, discriminate in an arbitrary,

unreasonable, capricious and unconstitutional manner between

Duke and the owners of similarly situated properties in

violation of Article 1, Section 1, Paragraph 2 of the 1983

Constitution of the State of Georgia.

<u>COUNT IV - VIOLATION OF 42 U.S.C. § 1983</u>

44.

Duke incorporates the allegations set forth in paragraphs 1

through 43 above, as if fully set forth herein.

45.

Duke brings this claim to enforce its federal and state

protected constitutional rights under 42 U.S.C. § 1983.

46.

Defendants have engaged in a policy and pattern of activity

to deny Duke the right to free use of its Property.

12

47.

Defendants have deprived Duke of its property rights without substantive or procedural due process or just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution.

48.

Duke has suffered monetary damages resulting from Defendants' deprivation of its property rights, including but not limited to increased costs, and lost profits which will not be remedied solely by order of this Court granting Duke's request for mandamus or declaratory relief.

49.

Duke is entitled to an award of reasonable attorney's fees under 42 U.S.C. § 1983.

WHEREFORE, Duke requests the following relief:

a.     Issue a Mandamus Nisi pursuant to O.C.G.A. § 9-6-27 requiring Defendants to appear before the Court within the time prescribed by law to show cause why a writ of mandamus and other relief sought by Duke should not be granted;

13

b.  That this Court find and declare that Duke has

satisfied all conditions and requirements for approval

of its Application;

c.  That this Court find and declare that the Defendants

have no basis upon which to require Duke to perform

the Disputed Item and/or to enter into the Special

Agreement as conditions for approval of Duke's

Application and that such conditions are illegal;

d.  That this Court issue such other declarations as to

the relative rights and interests of the parties as

are appropriate under the circumstances or as

determined by the Court to be beneficial to the

clarification of the relative rights and interests of

the parties;

e.  That this Court find, hold and declare that the

Defendants' actions in attempting to require Duke to

perform the Disputed Item and/or to enter into the

Special Agreement are unconstitutional, illegal, null

and void and that such actions have violated Duke's

right to equal protection under the law;

f.  Grant judgment for Duke and against Defendants for

damages to be proven at trial;

14

g.   Tax all costs against the Defendants, including

reasonable attorney's fees; and

h.   That this Court grant such other, further and

different relief as the Court deems just, proper and

appropriate under the facts and evidence presented.

This  8th  day of May, 2009.

Respectfully submitted,

WILSON BROCK & IRBY, L.L.C.

By _____

Larry M. Dingle
Georgia Bar No. 001050
Kyler L. Wise
Georgia Bar No. 771285
Attorneys for Plaintiff

Suite 700
2849 Paces Ferry Road
Atlanta, Georgia 30339
(404) 853-5050

15



The City of
**East Point**
Georgia

# *Department of Planning & Zoning*
### City Hall Annex
3120 South Martin Street    Suite 800    East Point, GA 30344

404.270.7030 (Phone)    404.765-2784 (Fax)    www.eastpointcity.org

## APPLICATION TO SUBDIVIDE

### This section to be completed by the Permit Office

APPLICATION NUMBER: *2008P-02912*    WARD: *0*

SUBMITTAL DATE *12.12.08*    TIME: *NOON*

APPOINTMENT DATE *01.15.08*    TIME: *7:300*

### This section to be completed by the Applicant (please print neatly)

Please check one of the following: ☐ Minor Plat    ☐ Preliminary Plat    ☑ Final Plat

Is this submittal based on a Rezoning or Variance? ☐ Yes    ☑ No

If yes, please complete Associated Case Number (s):

ZONING CASE # (s) *N/A*    VARIANCE Case # (s) *N/A*

CURRENT ZONING: *BP (Business Park)*    FUTURE LAND USE: *Office/Distribution*

1. Address *1000 Centre Parkway & 1500 Centre Parkway, East Point, GA 30344*

   Subject property fronts *approx 350 and 1500* feet on the *South, east & west* side of

   *Camp Creek Parkway & Centre Parkway* beginning *0*

   Feet from the *Southwest* corner of *Camp Creek Pkwy & Centre Pkwy.*

   Parcel ID Number(s) *14 F 0001    LL008*

   Land Lot Number *1*    District *14*

2. Number of Lots *2*    Area *B=9.426 E1=8.209* acres, or *B=410,596.56 E1=357,591.04* square feet

3. Property Owner *Duke Realty Limited Partnership*

   Address *3950 Shackleford Road, Suite 300 Duluth, GA 30096*

   Telephone *770-717-3200*

**EXHIBIT "A"**

4. Applicant ___Same as owner_____

   Address _____

   Telephone _____

5. If owner and applicant are not the same, complete <u>Affidavit A – Authorization by Property Owner</u>.   N/A

6. If applicant will be represented by an attorney, complete <u>Affidavit B – Authorization of Attorney</u>.   N/A

7. Plat Request _Subdivide two lots – one at intersection of Camp Creek Parkway_
   _and Centre Parkway – one along Centre Parkway. Lots contain existing_
   _buildings (1000 & 1500 Centre Pkwy). Lots front on publicly dedicated_
   _Camp Creek Parkway (State Route) and Centre Parkway (City of East Point road)._

8. Special/Conditional Use Permit Procedures (if applicable) <u>See Procedures for Special / Conditional Use Permit.</u>

9. ___N/A_____

   _____

   _____

   Note: Please Attach <u>Application for Special/Conditional Use Permit</u> (if applicable). )

10. Impact of Subdividing

   A. To what extent is the property value of the subject property diminished by the existing zoning district classification? _____None_____

   B. What is the existing value of the property under the existing zoning classification? _____

   Looking into →

   _____

   C. What is the value of property contained in the application to subdivide the proposed property subdivision? _____

   D. Describe existing use of the property __Office use._____

   E. What is the length of time subject property has been vacant or unused as currently zoned?
   _Properties are currently used as office buildings_

F. What is the estimated peak traffic volume after the development? _____
1000 Centre = 95 trips with 89% arriving and 11% leaving.
1500 Centre = 188 trips with 89% arriving and 11% leaving.

Looking into.

G. What capacity will be required for the following services: water, sewer and electricity?
1000 Centre ⇒ Sewer = 9,876 gpd
1500 Centre ⇒ sewer = 17,640 gpd

H. Who will be providing services for water, sewer and electricity?
☒ The City      ☐ Other

## SPECIAL AGREEMENT FOR FIRE LINE SERVICE FOR CAMP CREEK BUSINESS CENTER

THIS AGREEMENT, made and entered into on the ____ day of _____, 2009 by and between the CITY OF EAST POINT, a municipal corporation of Fulton County, Georgia, and hereinafter called "Seller," and DUKE REALTY d.b.a. CAMP CREEK BUSINESS CENTER, And hereinafter called "Buyer,"

### WITNESSETH:

That for and in consideration of the mutual covenants and conditions herein set forth, Seller agrees to supply Buyer with water and Buyer agrees to purchase and pay for same upon the following terms and conditions:

The rate for the period March 9, 2009 to March 9, 2010 shall be the monthly rate for each fire line tap as identified in Exhibit B, attached hereto and specifically incorporated herein.

The Seller agrees to meet water supply needs of Buyer for fire line service.

Should a fire occur during the contract period, the amount of water furnished by Seller will be determined by another meter or meters, or by the amount charged for a similar corresponding period, pursuant to Exhibit A, which is attached hereto and specifically incorporated herein.

Buyer agrees to pay all bills in full at Seller's office on or before the fifteenth (15th) day of the month such bills are received. If the payment is late, 10% penalty of total bill amount.

Either party shall have the right at any time to terminate this agreement for substantial breach of any of the terms or conditions thereof. Seller shall also have the right to reduce or stop the supply of water to be furnished thereunder when unavoidable

**EXHIBIT "B"**

for any of the following reasons or purposes without such act causing a termination of this agreement: (1) For repairs; (2) For want of supply; (3) For non-payment of the amount payable to Seller when past due. Seller agrees to make every reasonable effort to avoid such reduction or termination of supply. The present meter connection shall be maintained and owned by Seller, and Buyer shall pay to Seller the actual costs of additional water meter service when necessary.

Buyer agrees to notify Seller in advance in writing of any substantial additions or alterations in the equipment to be supplied with water service. Buyer agrees to adopt and enforce all applicable water cross-connection regulations and any other regulatory or statutory requirements.

Should it become necessary for Seller to restrict the use of water in East Point for the purpose of conserving the supply in a dry season, Buyer shall enforce a similar restriction. No such restriction shall be enforced only on Duke Realty ,unless also enforced in the City of East Point. In the event there shall be a shortage of water or any other contingency should arise by which Seller is unable to supply Buyer with water, Buyer will protect and hold Seller harmless from any and all claims for damages growing out of said failure.

IT IS UNDERSTOOD AND AGREED by and between the parities hereto that this contract shall remain in full force and effect from the date of its execution for a period of twelve (12) months.

This agreement cancels all previous agreements between Seller and Buyer regarding water service.

Both parties agree that this agreement and all undertakings and obligations herein contained shall not be deemed to constitute a debt of either party hereto or a pledge of the faith and credit of either party, and neither party shall have the right to compel any exercise of the taxing power of the respective subdivisions to perform any terms hereof or to pay any sums due hereunder, and neither party shall be subject to any pecuniary liability hereunder except as to the obligations of payment of any amounts due for water furnished and then only to the extent of funds available which have been produced by the water works system.

IN WITNESS WHEREOF, the parties hereunto, under and by virtue of the appropriate authority  have caused this contract to be executed in duplicate by their duly authorized officers, on the day and year first above written.

CITY OF EAST POINT, GEORGIA .

By:_____(Seal)
　　　　　　　　Mayor

Attest:_____
　　　　　　City Clerk

Duke Realty

By:_____(Seal)

Approved as to form:

_____,    City Attorney, City of East Point, Georgia

Exhibit A    FIRE LINE PROTECTION SERVICE - RESIDENTIAL (RE), COMMERCIAL / IDUSTRIAL (M) AND MULTI-FAMILY (RM) MONTHLY RATE

| Jurisdiction | In/Out | Service | Service Description | Meter Size | "Real" Size | Effective Date | Description | Consumption Limit | Usage Charge by Class | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | CM | RE | RM |
| EP | I | FL | Fire Line Protection | 1 | 5/8" or 3/4" | 7/1/2008 | Base Charge | 3 | $13.00 | $13.00 | $13.00 |
| EP | I | FL | Fire Line Protection | 1 | 5/8" or 3/4" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 1 | 5/8" or 3/4" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 1 | 5/8" or 3/4" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |
| EP | I | FL | Fire Line Protection | 2 | 1" | 7/1/2008 | Base Charge | 3 | $20.50 | $20.50 | $20.50 |
| EP | I | FL | Fire Line Protection | 2 | 1" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 2 | 1" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 2 | 1" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |
| EP | I | FL | Fire Line Protection | 3 | 1 - 1/2" | 7/1/2008 | Base Charge | 3 | $35.60 | $35.60 | $35.60 |
| EP | I | FL | Fire Line Protection | 3 | 1 - 1/2" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 3 | 1 - 1/2" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 3 | 1 - 1/2" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |
| EP | I | FL | Fire Line Protection | 4 | 2" | 7/1/2008 | Base Charge | 3 | $66.12 | $66.12 | $66.12 |
| EP | I | FL | Fire Line Protection | 4 | 2" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 4 | 2" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 4 | 2" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |
| EP | I | FL | Fire Line Protection | 5 | 3" | 7/1/2008 | Base Charge | 3 | $195.31 | $195.31 | $195.31 |
| EP | I | FL | Fire Line Protection | 5 | 3" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 5 | 3" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 5 | 3" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |
| EP | I | FL | Fire Line Protection | 6 | 4" | 7/1/2008 | Base Charge | 3 | $233.96 | $233.96 | $233.96 |
| EP | I | FL | Fire Line Protection | 6 | 4" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 6 | 4" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 6 | 4" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |
| EP | I | FL | Fire Line Protection | 7 | 6" | 7/1/2008 | Base Charge | 3 | $310.25 | $310.25 | $310.25 |
| EP | I | FL | Fire Line Protection | 7 | 6" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 7 | 6" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 7 | 6" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |
| EP | I | FL | Fire Line Protection | 10 | 8" | 7/1/2008 | Base Charge | 3 | $388.54 | $388.54 | $388.54 |
| EP | I | FL | Fire Line Protection | 10 | 8" | 7/1/2008 | 4 to 7 | | $2.50 | $2.50 | $2.50 |
| EP | I | FL | Fire Line Protection | 10 | 8" | 7/1/2008 | 8 to 15 | | $3.20 | $3.20 | $3.20 |
| EP | I | FL | Fire Line Protection | 10 | 8" | 7/1/2008 | 16 to 999999 | | $4.50 | $4.50 | $4.50 |

Exhibit B                Camp Creek Business Center- Fireline Taps Monthly Rate

| Parcel / Address | 8" FIRE TAP QTY | Base Charge | Monthly Cost | Annual Cost |
|---|---|---|---|---|
| B/ 1000 Centre Parkway | 1 | $386.54 | $386.54 | $4,638.48 |
| A / 1200 Centre Parkway | 1 | $386.54 | $386.54 | $4,638.48 |
| C/ 3000 Centre Parkway | 1 | $386.54 | $386.54 | $4,638.48 |
| E1A / 1500 Centre Parkway (FAA) | 1 | $386.54 | $386.54 | $4,638.48 |
| D / 3201 Centre Parkway ( CLOROX) | 1 | $386.54 | $386.54 | $4,638.48 |
| I / 3900 North  Commerce Drive (Williams Printing) | 1 | $386.54 | $386 54 | $4,638.48 |
| J / 4200 North Commerce Drive (Hartsfield) | 1 | $386.54 | $386.54 | $4,638.48 |
| M/ 3909 North Commerce Drive (Dicks Sporting Goods) | 1 | $386.54 | $386.54 | $4,638.48 |

## Sandra Reeves

| | |
|---|---|
| **From:** | Geneasa Elias [gelias@EastPointCity.org] |
| **Sent:** | Monday, March 16, 2009 10:11 AM |
| **To:** | Sandra Reeves; Michael Prochaska; Chris Brown (Atlanta) |
| **Cc:** | Herbert Humphrey, Nina Hickson |
| **Subject:** | East Point City Council Meeting 03/16/2009- Final Plat for 1000 (Bldg. B) & 1500 Centre Parkway (Bldg. E-1A) |

Good Morning Everyone,

It is my understanding from the City Attorney's Office and the Office of Government Operations that the *Special Agreement for Fire Line Service at Camp Creek Business Center* has not been signed by Duke's representatives. Therefore, I have been instructed to pull the item from tonight's Council agenda until an agreement is reached.

Thank you for your attention. Please call if you have additional questions or concerns.

*Geneasa L. Elias, AICP*
**Acting Director**
City of East Point -Department of Planning & Zoning
1526 East Forrest Avenue - Suite 100 (new address)
East Point, Georgia 30344
**Phone:** (404) 270-7026
**Fax:** (404) 270-7182
**E-mail:** gelias@eastpointcity.org

EXHIBIT "C"

1

in writing, a maximum of two (2) extensions of time, for periods not more than one hundred eighty (180) days each. The extension shall be requested in writing and justifiable cause demonstrated.
(Ord. No. 021-08, § 1(Exh. A), 6-16-08)

### Sec. 10-3009. Final plat.

(a) Whenever the provisions of these rules and regulations have been complied with and while the preliminary plat approval is in effect, the subdivider may submit to the director of public works an application for final plat review and approval pursuant to these regulations. All required infrastructure shall be completed and approved, or performance bonds for a portion of such improvements shall be filed in accordance with section 10-4008(c) of this regulation.

(b) The final plat shall be submitted and drawn to the specifications of the Georgia Plat Act and Standards of East Point.

(c) Prior to approval or recording of a final plat, the following must be provided by the subdivider, or the designee thereof:

(1) Cash assurance in an amount equal to one hundred twenty-five (125) percent of the cost of infrastructure improvements not yet in compliance. Said cash bond shall be maintained until the improvements have been approved by the city;

(2) Maintenance bond to ensure the viability of infrastructure improvements;

(3) Drawings demonstrating the "as-built" conditions of the site;

(4) An electronic format acceptable to the public works department containing data about the sanitary sewer and water systems where available;

(5) Signed release of the project by the city engineer; and

(6) Recorded deed to city engineer for any dedicated space.

(d) Having been certified by the city engineer as compliant to these and other applicable regulations, the final plat shall be recorded with the clerk of the superior court of Fulton County.

(e) The final plat shall be considered approved at the time of the certification by the planning and zoning commission, and shall be presented for comment to the city council at the next regularly scheduled meeting.

Should the director not approve any development plat, the basis for the denial shall be stated in writing to the applicant. The subdivider may file an appeal in accordance with Article I of these regulations.
(Ord. No. 021-08, § 1(Exh. A), 6-16-08)

### Sec. 10-3010. General principles of the land.

[Section 10-3011 et seq. describe general principles for land use developments.]
(Ord. No. 021-08, § 1(Exh. A), 6-16-08)

### Sec. 10-3011. Suitability of the land.

Land subject to flooding, improper drainage, erosion, and deemed unsuitable for development in accordance with East Point standards shall not be platted for any use that may continue such conditions or increase danger to health, safety, life, or development unless steps are taken to eliminate the above-mentioned hazards
(Ord. No. 021-08, § 1(Exh. A), 6-16-08)

### Sec. 10-3012. Access.

(a) Unless otherwise herein noted, every development shall be served by publicly dedicated streets or private streets in accordance with the following:

(1) The proposed streets shall meet East Point standards and regulations.

(2) No road intended to be private is to be extended to serve development outside that development unless approved by the department of public works.

(3) In residential developments, the private roads shall be maintained by a mandatory homeowners' association and documents

STATE OF GEORGIA

COUNTY OF FULTON

## VERIFICATION

PERSONALLY APPEARED before the undersigned officer, an

officer duly authorized by law to administer oaths, J.

Christopher Brown, on behalf of Duke Realty Limited Partnership,

who states that the facts set forth in the Petition For

Mandamus, Declaratory Judgment, and Damages are true and correct

to the best of the undersigned's knowledge.

This _5th_ day of _May_ , 2009.

DUKE REALTY LIMITED PARTNERSHIP

By:   DUKE REALTY CORPORATION

J. Christopher Brown

Its: _SR. VICE PRESIDENT_

Sworn to and subscribed before me,
this _5th_ day of _May_ , 2009.

Notary Public

My Commission Expires: _1/15/2013_

16